IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Harris, Bryant Sagory<br>SSN: XXX-XX-4113 | ) ) ) | Case No.: 09-85038-JAC-7 |
| Debtor. | ) | Chapter 7 |

| | | |
|---|---|---|
| In re: Adept Technologies, LLC<br>Tax ID / EIN: 20-0234038 | ) ) ) | Case No.: 12-83490-JAC-11 |
| Debtor. | ) | Chapter 11 |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT BY AND BETWEEN TAZEWELL T. SHEPARD, TRUSTEE OF THE ESTATE OF BRYANT SAGORY HARRIS, AND ADEPT TECHNOLOGIES, LLC AS DEBTOR-IN-POSSESSION**

COME NOW Tazewell T. Shepard, Trustee of the Chapter 7 Bankruptcy Estate of Debtor Bryant Sagory Harris ("Trustee") and Adept Technologies, LLC ("Debtor Adept"), and respectfully represent that they have reached an agreement to settle and compromise the claims and disputes in a civil action. As grounds for this motion, the parties state the following:

### I. Background

1. On December 11, 2009 (the "Harris Filing Date"), Bryant Sagory Harris ("Debtor Harris") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. " 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Bankruptcy Court").

2. Debtor Harris' Chapter 7 Estate includes a claim by Debtor Harris under the Age Discrimination in Employment Act ("ADEA") that is the subject of a pending civil action against Debtor Adept which is pending in the United States District Court for the Northern District of Alabama styled *Tazewell Shepard, III, as Trustee for the Bankruptcy Estate of Bryant Harris v. KRB, LLC and Adept Technologies, LLC*; Case No. 5:11-cv-03073-AKK ("the Lawsuit").

3. The Trustee reserved abandonment of the Lawsuit, and the Bankruptcy Court approved.

4. Debtor Harris' bankruptcy case was closed on April 5, 2010.

5. It was later determined that the Lawsuit would result in proceeds for creditors of Debtor Harris' Bankruptcy Estate.

6. The Trustee filed a motion to reopen Debtor Harris' bankruptcy case, and the Bankruptcy Court granted that motion on November 22, 2011.

7. The Trustee retained and the Bankruptcy Court approved the employment of Adam Porter as Special Counsel to pursue the claims in the Lawsuit on behalf of Debtor Harris' Bankruptcy Estate.

8. On October 31, 2012 (the "Adept Filing Date"), Debtor Adept filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division. Debtor Adept continues to be authorized to operate the business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. Debtor Adept retained and the Bankruptcy Court approved the employment of Travis Jackson as Special Counsel to defend the claim of Debtor Harris against Debtor Adept.

10. Debtor Adept disputes the claims asserted in the civil action, which has resulted in extensive negotiations between the parties.

## II. Jurisdiction and Notice

11. The parties bring this motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

12. The Bankruptcy Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

13. Pursuant to Bankruptcy Rule 2002, the Trustee proposes to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice in the Debtor Harris bankruptcy case. Debtor Adept proposes to serve a copy of this Motion upon the Bankruptcy Administrator and 20 largest unsecured creditors in the Debtor Adept bankruptcy case.

14. Pursuant to Bankruptcy Rule 2002, the parties propose that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors in each case of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

### III. Agreement for Compromise and Settlement

The agreement by and between the Trustee and Debtor Adept to resolve all issues involved in the underlying civil action are as follows:

15. Debtor Adept will pay to the Trustee the total sum of Thirty Thousand Dollars ($30,000.00) by delivery of certified funds made payable to "Tazewell T. Shepard, Trustee" within fourteen (14) days after entry of a final order approving this settlement.

16. Debtor Adept will forfeit any claim to and will not share in any distribution of the funds paid to the Trustee under this agreement.

17. Special Counsel Adam Porter has represented to the Trustee that he is not aware that any third parties have any liens or subrogation rights to the settlement proceeds.

18. The Trustee (and his successors and assigns) shall be deemed to have fully and forever waived, released, extinguished and forever discharged Debtor Adept from any and all claims, actions, complaints, causes of action, debts, costs and expenses (including attorneys' fees), demands or suits, at law or in equity or in bankruptcy or otherwise, known or unknown, present or future, fixed or contingent, which the Trustee and/or the Bankruptcy Estate of Bryant Sagory Harris may have or claim to have against the Debtor Adept through the date of execution of this Agreement; provided, however, that nothing contained in this paragraph shall release any obligation of any Party set forth in or created by this Agreement.

19. Upon entry of the final order approving this settlement and receipt of the settlement proceeds, the Trustee by and on behalf the Bankruptcy Estate of Bryant Sagory Harris shall execute a Stipulation for Dismissal with Prejudice of all claims in the Lawsuit pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

### IV. Business Justification for Compromise and Settlement

20. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. Langes v. Green, 282 U.S. 531, 541 (1931).

21. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

    (i)    The probability of success in the litigation;
    (ii)   The complexity of the litigation involved; and

(iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980).  See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968).  The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness.  Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

22. Although the parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

23. A settlement of this disputed claim in accordance with this Motion will result in the resolution of these claims and receipt of payment by the Trustee on a more expedited basis than would be the case if protracted litigation ensued.  The settlement of the claim will also minimize the Trustee's and Debtor Adept's administrative costs.

24. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code.  The settlement proceeds described herein shall, after payment of all costs and expenses of the Trustee, be used to pay a portion of the allowed claims of creditors of Debtor Harris' Bankruptcy Estate.

25. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

WHEREFORE, PREMISES CONSIDERED, the Trustee and Debtor Adept request that the Bankruptcy Court enter an order:

A. Approving the compromise and settlement by and between the Trustee and Debtor Adept in accordance with the terms of this Motion;

B. Authorizing the Trustee and Debtor Adept to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein;

C. Granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

12-83490 v.7

Respectfully submitted this the 14th day of June, 2013.

| | |
|---|---|
| */s/ Kevin M. Morris* | */s/ Kevin D. Heard* |
| Kevin M. Morris | Kevin D. Heard |
| *Attorney for Trustee* | *Attorney for Debtor Adept* |
| | |
| **SPARKMAN, SHEPARD & MORRIS, P.C.** | **HEARD ARY, LLC** |
| P.O. Box 19045 | 307 Clinton Ave. W., Ste. 310 |
| Huntsville, AL 35804 | Huntsville, AL 35801 |
| Tel: (256) 512-9924 | Tel: (256) 715-5184 |
| Fax: (256) 512-9837 | Fax: (256) 535-0818 |

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the below listed parties and upon those parties as found on the Clerk's Certified Matrix in the Bryant Sagory Harris Bankruptcy Estate by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid this the 14th day of June, 2013.

| | |
|---|---|
| Travis Jackson | Adam M. Porter |
| Lanier, Ford, Shaver & Payne P.C. | 2301 Morris Avenue |
| 2101 West Clinton Avenue, Suite 102 | Suite 102 |
| Huntsville, AL 35804 | Birmingham, AL 35203 |
| | |
| Richard Blythe, Esq. | Kevin C. Gray |
| P.O. Box 3045 | Matthew W. Grill |
| Decatur, AL 35602 | Attorneys for PNC Bank |
| | Maynard Cooper & Gale, PC |
| | 1901 6th Avenue N. |
| | 2400 Regions Harbert Plaza |
| | Birmingham, AL 35203 |

/s/ Kevin M. Morris
Kevin M. Morris

12-83490 v.7

Case 12-83490-JAC11    Doc 118    Filed 06/14/13    Entered 06/14/13 11:47:01    Desc
Main Document      Page 5 of 6

## CERTIFICATE OF SERVICE

In addition to the foregoing service by the Trustee, I hereby certify that I have served a copy of the foregoing pleading upon all parties shown on Debtor Adept's bankruptcy petition matrix as well as Debtor Adept's 20 largest unsecured creditors by the CM/ECF's electronic notification system and/or depositing said copy in the United States mail in a properly addressed envelope with adequate postage thereon, on this the 14th day of June, 2013.

*/s/ Kevin D. Heard*
Kevin D Heard

12-83490 v.7